THE STATE ex rel. ELY & WALKER DRY GOODS COMPANY v. SWANGER, Secretary of State.

**In Banc, March 30, 1906.**

**CORPORATION: Increase of Capital: Preferred Stock: Erroneous Statement: Second or Amended Certificate.** Where stockholders of a corporation have, in conformity to the statutes, authorized the capital stock to be increased to a certain amount, the increase to be preferred stock, and the statement filed with the Secretary of State recites the action of the stockholders as to the increase but omits to recite that the stock was to be preferred, and the Secretary of State issues a certificate in accordance with that statement, making no mention therein that the increased stock is preferred stock, and on the discovery of the omission and error, the corporation files with him a new statement in conformity to the real facts, there is no reason why he should not recall and cancel the former certificate and issue a new one in conformity to the facts.

Mandamus.

PEREMPTORY WRIT AWARDED.

*W. B. & Ford W. Thompson* for relator.

Relator is entitled to the relief prayed for because of alleged failure on the part of the respondent to perform a specific duty enjoined on him by law: (1) Because the action of the stockholders at the meeting of January 10, 1906, constituted an amendment of relator's charter, and this amendment was authorized by an act entitled: "An act to amend sections 1312, 1332 and 1333 of article 9, of chapter 12, of the Revised

Statutes of Missouri of 1899,'' approved April 11, 1901 (Laws 1901, pp. 91 to 93). (2) Where the duty of the ministerial officer is plain and unequivocal, the courts will, at the instance of one who has a right to have the duty performed, issue a writ of mandamus to compel him to do it. (a) Section 2 of the act of 1901 makes it his plain duty to accept and file a statement of the amendment of the charter of a corporation as to its increase of stock. (b) The act of 1903 makes it his plain duty to file a certified copy of that statement in his office and to issue a certificate thereon, and until these two acts are done the amendment does not take effect. (3) Where a question of fact is involved in a mandamus proceeding, which must be decided before the duty of a ministerial officer can be ascertained, the officer will be compelled to solve the question if he can, but where he is powerless to command evidence necessary to ascertain the correct solution of the question, courts will make judicial examinations and ascertain the fact for him. In this case he admits that the evidence was presented to him and which comprised the entire act of the stockholders at the meeting and the entire amendment, and there could be no question of doubt. ·State ex rel. v. Garesche, 3 Mo. App. 539, 65 Mo. 480; State ex rel. v. Laughlin, 75 Mo. 359; State ex rel. v. Williams, 95 Mo. 159; State ex rel. v. McGann, 64 Mo. App. 230; State ex rel. v. Chase, 42 Mo. App. 343; State ex rel. v. Higgins, 76 Mo. App. 316.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

(1) It is insisted by respondent that there is no provision of our statute which authorizes him to cancel the certificate of increase of stock and issue a new one with the desired amendment. Section 1329, Revised Statutes 1899, makes it the duty of respondent to issue a certificate of increase of stock, when a statement to

that effect, duly acknowledged and certified, shall be filed with him.   Section 1332 (as amended by Laws 1901, p. 92) makes it his duty to issue a certificate of increase of stock and showing the preferred stock, etc. And section 1333 (as amended by Laws 1901, p. 93) provides that the statement required by section 1329, Revised Statutes 1899, shall also set forth the preference, priorities, classification and character of such stock. There may be, therefore, two kinds of increase of stock: one where there are no preferences, priorities or classification, and the other where there are perferences, priorities and classification. The only way by which respondent can determine in which class the stockholders desire to have the increase stock placed is by examining the statement filed with him.   As the law requires that this statement shall contain an account, and a true account, of the meetings of the stockholders, as it must be duly sworn to by the chairman and secretary of said meeting, recorded in the office of the recorder of deeds, and a certified copy sent to respondent, it is presumed that the Legislature supposed that said statement would be correct, and also that the Legislature intended that the respondent could and would rely on same.   If they had certified that the stockholders decided to increase the stock to four million seven hundred thousand, instead of four million five hundred thousand, and also certified that the money had been paid in; and, if respondent had issued a certificate of increase in that sum, it can hardly be argued that he could cancel the certificate and issue a new one.   So, if the stockholders had decided to decrease the stock, and the chairman and secretary had made a mistake as to the amount of the decrease, respondent could not correct that; neither can he correct many other mistakes that might occur.   In other words, when a proper statement, duly verified and duly certified, was filed with respondent, and he, following the letter of the statute, issued a certificate thereon, he exhausted his powers.   Relator has a remedy; it will

have to proceed *de novo*. If respondent can cancel a certificate for one reason, why may he not also cancel a certificate for other reasons? If he can cancel same, who are the proper persons to make a request for such cancellation? (2) Again, respondent insists that he can only act in one way, and at one time; he has no option and no discretion. If the officers of the stockholders' meeting present a statement to him, duly verified and duly certified, with a tender of fees, he is bound to accept of same and bound to issue a certificate in accordance with said statement. He knows nothing of the facts, except as he gathers them from said statement. If, after he acts on said statement, an amended statement can be filed with him and a correction demanded in the course of ten days, why may not parties wait ten months, or ten years, and ask for a correction, even after the rights of innocent third parties have intervened?

BRACE, C. J.—This is a proceeding by mandamus instituted by the Ely & Walker Dry Goods Company, a business corporation, of the city of St. Louis, to compel the Secretary of State to receive and file a certified copy of a statement of the increase of its capital stock, and to issue a certificate thereon as required by statute.

At a meeting of the stockholders of said corporation, duly held on the 10th day of January, 1906, in pursuance of notice duly given and of the statutes in such cases made and provided, and at which all the stockholders were present in person or by proxy, all of the stock of said corporation was voted in favor of the following proposition, duly submitted, to-wit: "To increase the capital stock of said company from three million dollars to four million five hundred thousand dollars," and "that all of the capital stock so increased, that is, one million five hundred thousand dollars, of the par value of one hundred dollars per share, should

be second preferred stock, bearing cumulative dividends at the rate of six per cent per annum, payable semi-annually out of the net earnings of the company in any one year after the payment of cumulative dividends at the rate of seven per cent per annum on the first pre-ferred stock of the company and before the payment of any dividend on the common or general stock of the company, and that upon dissolution or liquidation of said corporation said second preferred stock should be paid out of its assets at the face value to the holders thereof, after the payment of the first preferred stock of said company at its face value and before any pay-ment is made of the common stock of said company."

On the same day a statement of the proceedings of said meeting, showing a compliance with the provisions of article 9, chapter 12, Revised Statutes 1899, was made out, as required by sections 1329 and 1333 of said article, signed and verified by the affidavit of the chair-man and countersigned by the secretary, was duly ac-knowledged by the chairman and recorded as provided by section 1329 of said article, and, thereafter, on the 11th day of January, 1906, a certified copy of said state-ment was filed in the office of the Secretary of State, and the tax for said increase, amounting to $750, and the fees of the Secretary of State for issuing thereon the certificate required by said section 1329, was paid into the state treasury; and thereupon the respondent issued a certificate to the relator, setting forth that on that day there was filed in the office of the Secretary of State a duly certified copy of the proceedings of a meet-ing held for the purpose of increasing the capital stock of the Ely & Walker Dry Goods Company, and that said corporation had in all things complied with the law made and provided for the increase of capital stock, and had increased its capital stock from three million dollars to four million five hundred thousand dollars.

The statement aforesaid omitted from the proposi-tion adopted the following provision, "that upon dis-

solution or liquidation of said corporation said second preferred stock should be paid out of its assets at the face value to the holders thereof after the payment of the first preferred stock of said company at its face value and before any payment is made of the common stock of the company.''

Immediately upon the discovery of the said error in said statement, the chairman and secretary of said meeting, on the 13th of January, 1906, made a new and amended statement of the said increase of the capital stock of said company, which was duly verified by the affidavit of the said chairman, and acknowledged by the chairman and secretary of said meeting, setting forth correctly and in full the proposition adopted at said stockholders' meeting, which said statement of increase of stock was filed in the office of the recorder of deeds of the city of St. Louis on the 13th day of January, 1906, and a certified copy thereof made by said recorder of deeds on said 13th day of January, 1906, which said certified copy was delivered to the respondent, Secretary of State, on the 16th day of January, 1906, with the request that it be filed in his office in accordance with the statutes in such case made and provided, and that a new certificate be issued thereon by said respondent, Secretary of State, of the said increase of the capital stock of relator, in accordance with the statements in said certified copy of the statement of increase of stock so delivered to him, and at the same time there was tendered to respondent, Secretary of State, a check for one dollar and twenty-five cents, payable to the order of J. F. Gmelich, State Treasurer, for the fees of the Secretary of State for the issuance of a certificate of increase of stock, in accordance with the statutes in such case made and provided.

The Secretary of State declined to receive and file this amended statement and issue a certificate thereon, and a like request accompanied by a return of the first certificate by relator for cancellation having been again

refused on the 18th of January, 1906, the alternative writ herein was sued out, for return to which the respondent demurs to the petition and the writ.

By an act of the General Assembly, approved April 9, 1901 (Laws 1901, p. 91), section 1332, supra, was amended, so that it became necessary in increasing the relator's capital stock that the stockholders should not only determine whether the increase should be preferred stock, the amount, number of shares, the price per share, and the character thereof; as required in the original section, but that they should also determine whether dividends "shall be cumulative or not, and what priority, if any, any class of such perferred stock shall have over the common stock or other preferred stock out of the assets of the corporation in case of its dissolution or liquidation."

And section 1333, supra, was so amended that the statement required by section 1329 shall set forth not only the amount and number of shares, the price per share of such preferred stock, and the rate of dividend to be paid thereon, as required in the original section, but also "the preferences, priorities, classification and character thereof."

All the requirements of section 1332 as thus amended were complied with and appeared upon the face of the record of the proceedings of the stockholders' meeting, and such compliance was made manifest to the Secretary of State by the statement delivered to him on the 16th of January, 1906, duly authenticated and recorded in the office of the recorder of deeds of the city of St. Louis on the 13th of January, 1906; and having theretofore fully paid the tax on the increased stock and the fees therefor, the relator was entitled to have that statement filed and a certificate thereon issued. The fact that a prior certificate had been issued upon a partial and insufficient statement ought not to deprive the relator of rights acquired by the action of its stock-

195 Sup.—35

holders in strict conformity to the law, and such would be the effect of the Secretary of State's refusal; for, unless his certificate was based upon a statement showing that the requirements of the statute had been complied with, no lawful increase of the relator's capital stock would appear, and such lawful increase could not take effect until such certificate was issued. [Laws 1903, p. 123.] Hence, the peremptory writ should go, as prayed for, and it has been so ordered.

All concur.